SHIRLEY HARGRAVES, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV506-048
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("the ALJ" or "ALJ Davis") denying her claim for Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for Supplemental Security Income payments on March 19, 2004, alleging that she became disabled on December 14, 2003, due to epilepsy, cirrhosis of liver, thyroid problems, and blackout spells. (Def.'s Br., p. 2.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On December 19, 2005, ALJ Davis held a hearing at which Plaintiff appeared and testified. Dennis O'Connor, a vocational expert, also testified at this hearing. ALJ Davis found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 19.) The Appeals Council denied Plaintiff's request for review of the ALJ's

decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 10.)

Plaintiff, born on March 25, 1957, was forty-nine (49) years old when ALJ Davis issued his decision. She has a tenth grade education. (Pl.'s Br., p. 2.) Her past relevant work experience includes employment as a bus monitor, cashier/checker, and an escort vehicle driver. (Tr. at 24.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment

does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of December 14, 2003, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 21.) At Step Two, the ALJ determined that Plaintiff had status post coronary artery by grafting times four, hypothyroidism, epilepsy (minor motor seizures), and generalized depression and anxiety, conditions considered "severe" under the Regulations. However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 21-23.) The ALJ found that Plaintiff had the residual functional capacity for light exertional work with the following restrictions: no climbing of ropes, ladders, or scaffolding; occasional climbing of stairs and ramps; avoidance of exposure to hazards such as machinery and heights; and limited but satisfactory abilities to deal with work stresses. At the next step, ALJ Davis concluded that Plaintiff could not perform her past relevant work. (Tr. at 24.) ALJ Davis noted Plaintiff was a younger individual with a limited education and that transferability of skills was not an issue due to Plaintiff's age. ALJ Davis concluded there were a significant number of jobs in the

national economy Plaintiff could perform, such as a maid, small product assembler II, and a recreation aide. (Tr. at 25.)

## ISSUES PRESENTED

Plaintiff asserts ALJ Davis erred by failing to assign proper weight to her treating physicians' and psychiatrist's opinions.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the

appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **ALJ Davis' Consideration of Plaintiff's Treating Physicians' and Psychiatrist's Opinions.**

Plaintiff contends the ALJ improperly failed to consider the opinions of her treating physicians, Drs. Robert Garcia and Earl Martin, and of her treating psychiatrist, Dr. Lionel Bryan. Plaintiff asserts Drs. Garcia and Martin treated her throughout the entire relevant period, and both of these doctors opined Plaintiff was unable to work. Plaintiff asserts there is no evidence to support ALJ Davis' statement that Drs. Garcia and Martin found her cardiac problems were based only on her anxiety problems. According to Plaintiff, the medical evidence reveals she has severe anxiety and depression in addition to her coronary problems. Plaintiff also alleges ALJ Davis did not credit the findings of her treating psychiatrist, nor did he give any reason for failing to do so. Plaintiff contends the ALJ did not rely on any medical evidence of record to find Plaintiff was limited to light duty work with some environmental and postural limitations but without significant mental limitations.

Defendant avers the statements of Drs. Garcia and Martin that Plaintiff is unable to work are not medical opinions; they are ultimate determinations reserved for the Commissioner. Accordingly, Defendant contends, ALJ Davis was not bound to accept these statements or accord them any weight. Defendant also contends the record does not reveal Plaintiff's treating sources found her to have significant mental limitations. Defendant further contends ALJ Davis found Plaintiff to have anxiety and depression, and accordingly, he considered Plaintiff's mental restrictions.

It is well-established that the opinion of a treating physician "'must be given substantial or considerable weight unless good cause is shown to the contrary.'" Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent with the treating physician's opinion; or (3) the treating physician's opinion is conclusory or inconsistent with his own medical records. Id. at 1241. The "ultimate conclusion" that a plaintiff "is disabled is an opinion on an issue reserved for the Commissioner and, as such, is not entitled to controlling weight. Walker v. Barnhart, 158 Fed.Appx. 534, 535 (5th Cir. 2005). "A statement by a medical source" that a plaintiff is "'disabled' or 'unable to work' does not mean" the Commissioner "will determine that [a plaintiff is] disabled." 20 C.F.R. § 404.1527(e)(1).

Plaintiff asserts ALJ Davis did not credit the opinions of Drs. Martin and Garcia that she is unable to work; however, ALJ Davis was not required to credit these opinions, as this determination is reserved for the Commissioner. Therefore, the ALJ did not err by failing to "credit" these opinions.

In addition, ALJ Davis considered Plaintiff's mental impairments and determined Plaintiff suffered from anxiety and depression. The ALJ specifically stated that Plaintiff's Global Assessment Functioning ("GAF") score of 25 did not render Plaintiff's mental impairments severe because her records did "not show sustained or repetitive or long term GAF scores in a low range or other evidence that these disorders have satisfied the 12-month durational requirement." (Tr. at 16.) The ALJ noted Plaintiff failed to keep many of her appointments at Satilla Mental Health, which he found indicative of either

non-compliance or non-severity. Finally, ALJ Davis observed Plaintiff's daily activities demonstrated an adequate ability to perform in a work environment, despite her mental impairments. ALJ Davis clearly considered Plaintiff's mental impairments in reaching his determination that Plaintiff was not disabled.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE